**No. 58696.**—Guy B. Barham Company *v.* United States, protest 222710–K (Los Angeles).

JOHNSON, Judge: It is claimed in the protest herein that certain items, consisting of lubricating oil, valves, and a detector, are free of duty under paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, as American goods returned. At the trial, the claims were "waived," except as to the lubricating oil.

In support of its claim as to the lubricating oil, plaintiff called Frank Schoeppe, liquidator in the office of the collector of customs at Los Angeles, who testified as follows: The documents required to be filed with the collector in conjunction with a claim for exemption from duty under paragraph 1615, as amended, comprise customs Form No. 3311 (affidavit of owner), customs Form No. 4467 (certificate of exportation), and customs Form No. 129 (shipper's affidavit). In the instant case, Form No. 4467, relating to the lubricating oil, was first filed on August 8, 1952 (2 months after liquidation), but did not get into the proper jacket. It was filed again on August 20, 1954, and reached the proper jacket. Form No. 129 was filed with the invoice, and Form No. 3311 was filed on June 27, 1950 (prior to liquidation). On liquidation, the merchandise was classified as lubricating oil under paragraph 1733, and internal revenue tax was assessed under section 3422 of the Internal Revenue Code at 2 cents per gallon.

According to the witness, had the document that was subsequently filed on August 20, 1954, been with the papers at the time the collector had jurisdiction over the entry and protest, there would have been sufficient facts before him to satisfy him that the lubricating oil was American merchandise, free of duty under paragraph 1615, as amended.

On the record presented, we hold that the lubricating oil involved herein is free of duty under paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, as American goods returned.

To that extent, the protest is sustained and judgment will be rendered directing the collector to reliquidate the entry and make refund accordingly. As to all other items and in all other respects, the protest is overruled.